Van Brunt, J.
The child referred to in the 'proceedings in this matter is detained because of a commitment by a police magistrate alleging that the child was improperly exposed and neglected and wandering in the public park without any proper guardianship, and that the child was found in the company of one Mary Ryan, who is a reputed prostitute, in yiolation of the provisions of the Penal Code.
, No evidence is returned, and the demurrer to the traverse admits that the father of the child, with whom the child lived and under whose guardianship she was, had no notice of the proceedings affecting his child.
. The respondents claim that in the commitment reciting jurisdictional facts, there is no power to review the action of the committing magistrate, although a parent may be thereby deprived of the custody of his child without an opportunity to be heard and without there having been any evidence produced to justify the findings in the commitment.
It is true that the, acts of the Legislature which have been passed seem so to read, but as there is no power in the Legislature to deprive a person of one dollar of his property without *318 his having an opportunity to be heard and without due process of law, neither is there any power to deprive a parent of the custody of his child without notice and an opportunity to be heard.
It would be a monstrous doctrine to hold that under any legislation, merely because a child under sixteen years of age is found in the street without attendance, and because a magistrate should choose to characterize this as an improper exposure, a parent could be deprived of his child, and that, too, without being afforded an opportunity to offer any defense. This is what seems to be claimed in the case at bar. It does not seem to me that such a construction of the statute can possibly be upheld.
Petition granted, and prisoner discharged.